UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CR-20567-JORDAN

UNITED STATES OF AMERICA

vs.

EVELYN MARRERO,

    Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR MODIFICATION OF SENTENCE IMPOSED

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant's Motion for Modification of Sentence Imposed under 18 U.S.C. § 3582(c)(1)(A)(i) [DE 316]. As discussed below, the government respectfully submits that the defendant's motion should be denied.

    On June 17, 2008, the defendant was indicted for conspiring to commit wire fraud, wire fraud, and aggravated identity theft, in violation of Title 18, United States Code, Sections 1349, 1343, and 1028A, respectively [DE 1]. On December 12, 2008, the defendant pleaded guilty to Counts 1 (§ 1349) and 3 (§ 1343) of the nine-count indictment. Pursuant to a written plea agreement, the government agreed to dismiss Counts 2, 4, 8, and 9, after sentencing. On June 5, 2009, the Court sentenced the defendant to a term of ninety-six (96) months' imprisonment, followed by three (3) years of supervised release [DE 226].

    On August 29, 2011, the defendant filed the instant motion, in which she asks the Court to find that "extraordinary and compelling" reasons warrant a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As the basis for her motion, the defendant alleges that she was subjected

to sexual harassment and perverse behavior by Bureau of Prison officers while being transported from FCC-Coleman, in Orlando, to the Federal Detention Center, in Miami, Florida, on September 1, 2009.[1]

A motion to modify an otherwise final judgment under § 3582(c) is a limited and narrow exception to the rule that final judgments are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). A district court, in its discretion, may modify a term of imprisonment, upon motion of the Director of Bureau of Prisons, after considering the factors set forth in § 3553(a), if the Court finds that "extraordinary and compelling reasons" warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

As a threshold matter, the government is unaware of any motion filed by the Director of Bureau of Prisons on the defendant's behalf, as required by 18 U.S.C. § 3582(c)(1). *See Brown v. United States*, No. Civ. A. 205-016, 2005 WL 1330726 (S.D. Ga. May 9, 2005). On that basis alone, the defendant's motion must be dismissed.

Nevertheless, even assuming *arguendo* that the allegations in the defendant's motion are true, she has failed to demonstrate "extraordinary and compelling" reasons for a reduction of her sentence. While there is no exact formula for what constitutes "extraordinary and compelling," civil rights claims are illustrative by way of comparison. In order for a federal civil rights violation to have occurred, a victim's constitutional or federally protected rights must have been wilfully violated.

---

[1] The defendant also suggests that she should be entitled a sentence reduction pursuant to Federal Rule of Criminal Procedure 35. While the defendant is correct that she was willing to meet with the government in connection with a federal investigation, her mere willingness to cooperate is insufficient. The defendant provided no information during that meeting that could be construed as "substantial assistance in investigating or prosecuting another person." *See* Fed. R. Crim. P. 35.

*See* Title 18, United States Code, Section 242; *United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 . . . make[s] it criminal to act (1) 'willfully' and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States").

In the defendant's case, the actions occurred after she was sentenced and convicted. Accordingly, any constitutional violation by law enforcement would have to consist of a violation of the defendant's Eighth Amendment right to be free from cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986) (noting that Cruel and Unusual Punishment Clause 'was designed to protect those convicted of crimes,' and consequently, applies after conviction). However, not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny. As the Supreme Court stated in *Albers*, "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* at 319. Conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. *Id.* Thus, the standard for an Eighth Amendment violation is quite high.

In the absence of law addressing the defendant's particular fact pattern, analysis of other cases involving inmate victims is instructive. In the context of inmate victims, conduct that constitutes a violation of a constitutional right includes physical assaults, *United States v. Myers*, 972 F.2d 1566, 1571-72 (11th Cir. 1992), sexual assaults, *Lanier*, 520 U.S. at 259-60, and a failure to protect from harm, *see, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In all of the analogous violations, courts have held that *de minimis* actions by law enforcement did not violate the Constitution. So, for example, a *de minimis* use of force will not rise to the level of a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("The Eighth Amendment's prohibition

of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of the sort that is 'repugnant to the conscience of mankind.'"). In the context of sexual assault, *de minimus* touching does not rise to the level of a constitutional violation. *See, e.g., Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("Because any offensive touching . . . is a battery, most batteries are too trivial to amount to deprivations of liberty [without due process of law under the Fourteenth Amendment of the Constitution][2]"). Likewise, for a claim to succeed based on failure to prevent harm, the inmate must show that she is incarcerated under conditions posing a substantial risk of serious harm. *Brennan*, 511 U.S. at 834.

Here, the defendant does not allege that she was even touched by the Bureau of Prison officers who transported her. Moreover, in the context of being subjected to sexual harassment and crude behavior on a single occasion, she cannot adequately demonstrate that her Eighth Amendment rights were violated. While the conduct described is undeniably reprehensible, if true, the officers did not violate the defendant's constitutional rights, as a matter of law. Therefore, based on the defendant's allegations, she cannot set forth "extraordinary and compelling" reasons to warrant a reduction in her sentence.

Despite the insufficiency of the defendant's claims, the government has forwarded the defendant's motion to the legal department for the Bureau of Prisons for potential administrative action. The legal department will forward the defendant's allegations to the Warden for review and for appropriate disposition pursuant to Bureau of Prisons policy.

---

[2] A convicted prisoner does not have greater protection under the Due Process Clause than under the Cruel and Unusual Punishment Clause. *Albers*, 475 U.S. at 327.

Accordingly, the government respectfully requests that the Court deny the defendant's motion for a sentence reduction.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  s/Michael J. Garofola
Michael J. Garofola
Assistant United States Attorney
Court No. A5501559
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9151
Fax: (305) 536-4699

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2011, I electronically filed the foregoing document using CM/ECF and mailed a copy via U.S. mail to Evelyn Marrero, #81236-004, FCC-Coleman Camp, P.O. Box 1027, Coleman, Florida 33521.

 s/Michael J. Garofola
Michael J. Garofola
Assistant United States Attorney